IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JORGE ROBLES JAUREGUI,

    Plaintiff,                   No. 2:10-cv-2283 JFM (PC)

  vs.

MATTHEW CATE, et al.,

    Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of 20 percent of the greater of (a) the average monthly deposits to plaintiff's trust account; or (b) the average monthly balance in plaintiff's account for the 6-month period immediately preceding the filing of this action will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

1

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1          Plaintiff brings claims that his Eighth Amendment rights were violated by the
2  following defendants for failure to provide adequate medical care: Matthew Cate, Secretary of
3  the Department of Corrections and Rehabilitation; D.K. Sisto, Warden of CSP-Solano; the
4  Doctor's Hospital in Manteca; Dr. Weiner of the Doctor's Hospital in Manteca; Dr. Traquina,
5  Chief Medical Officer; Dr. Rallos, Chief of Physicians and Surgeons; Dr. Hsieh; and Dr. Perez.
6  The court finds the allegations in plaintiff's complaint vague and conclusory as to all defendants
7  but Weiner, Hsieh and Perez.  The court has determined that the complaint does not contain a
8  short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules
9  adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the
10 claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir.
11 1984).  Plaintiff must allege with at least some degree of particularity overt acts which
12 defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply
13 with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court
14 will, however, grant leave to file an amended complaint.

15          If plaintiff chooses to amend his complaint, plaintiff must demonstrate how the
16 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
17 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
18 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
19 there is some affirmative link or connection between a defendant's actions and the claimed
20 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
21 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
22 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
23 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

24          In addition, plaintiff is informed that the court cannot refer to a prior pleading in
25 order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
26 complaint be complete in itself without reference to any prior pleading.  This is because, as a

1 general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
2 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
3 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
4 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: November 30, 2010.

UNITED STATES MAGISTRATE JUDGE

/014;jaur2283.14

4